**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____x

ANGELA PANDAZIS,

                Plaintiff,

                                                   **24 cv**

        -against-                                  **COMPLAINT**
                                                             _Jury Trial Demanded_

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK,

                Defendant
_____x

      Plaintiff, ANGELA PANDAZIS by and through her undersigned attorney Stewart Lee Karlin, Stewart Lee Karlin Law Group, P.C., sues the Defendant the Department of Education of The City of New York (henceforth "Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action seeking injunctive relief, monetary relief, including past and on-going economic loss, compensatory and punitive damages for violations of Constitutionally protected rights given to her as a tenured teacher pursuant to 42 U.S.C. § 1983, Stigma Plus, Fourteenth Amendment to the United States Constitution, and Education Law §§3020 and 3020-a.

2. Plaintiff has been deprived of her constitutional rights to due process guaranteed under the Equal Protection of the Law for committing acts with the intent and for the purpose of depriving Plaintiff of property and liberty rights without due process and for refusing to or neglecting to prevent such deprivations and denials to Plaintiff.

## PARTIES

3. Plaintiff was an employee for the Department of Education of the City of New York in good standing as a teacher since 2007. This action seeks declaratory relief, equitable relief, back pay, compensatory damages and attorneys' fees.

4. At all relevant times, the Defendant has overseen the NYC system of public schools located throughout all five (5) boroughs of the City of New York.

## JURISDICTION AND VENUE

5. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331 for federal questions under 42 U.S.C. 1983, in particular the protections given by the Fourteenth Amendment.

6. This action's venue properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the headquarters of the New York City Department of Education is located at 65 Court Street in Brooklyn N.Y.  This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

7. Defendants were at all times acting under color of law.

## STATEMENT OF FACTS

8. On October 12, 2021 Plaintiff applied for a Medical Accommodation/Exemption to the Vaccine Mandate on the New York Department of Education/SOLAS website. With her application she attached the required medical documentation.

9. On October 12, 2021 Plaintiff received an email from the New York City Department of Education SOLAS confirming their receipt of her application for a Medical Accommodation/Exemption, cased as # 82834.

10. Since October 12, 2021 Claimant has reached out to various DOE departments for

assistance and was either ignored or told to keep checking her work email. Claimant has not received any assistance or resolution from the DOE regarding her medical case # 82834.

11. On November 2, 2021 Plaintiff received another email from the NYCDOE/SOLAS informing her that they had placed her on Leave Without Pay while her medical case was pending determination.

12. On November 16, 2021, Plaintiff heard from Sabrina Gonzales at the NYC DOE that her medical accommodation was approved, and Plaintiff was supposed to wait for the written confirmation.

13. On or about August 31, 2022, Plaintiff was informed by a representative in the Medical Leaves Department that her medical case was closed. A determination was not provided for Plaintiff's case nor was she notified of it being closed.

14. From November 16 2021 to February 13, 2023 when the COVID Mandate was withdrawn and Plaintiff was told to return to work, Plaintiff remained without pay despite being approved for a medial exemption. During this unpaid time Plaintiff was not paid her salary, nor did she receive her benefits and pay raises. Defendant gave her no reason for their neglect of her rights.

15. This action is a violation of the Scheinman Impact Bargaining Award issued in September, 2021, which said that if a medical accommodation was approved, the employee continued to work and received all backpay for time on LWOP.

16. On October 11, 2022, Plaintiff emailed ODA regarding her closed medical case #82834. but the DOE they had no record of it in their system.

17. On October 13, 2022, Plaintiff contacted the DOE but no information was provided about her medical case.

18. On October 14, 2022, Plaintiff emailed MLR about her case, but no information was provided.

19. On or about October 16, 2022, Plaintiff became aware that her fingerprints had been tagged in the New York City Department of Education's 'Problem Code' at the Human Resources' Office of Personnel Investigations, but was never told why.

20. The 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct. Therefore the New York City Department of Education has considered Plaintiff guilty of some kind of misconduct without giving her a chance to clear her name and have a hearing on the matter before putting her fingerprints into a Problem code database.

21. On or about September 8, 2022, the Plaintiff was informed by the DOE and the Payroll Dept. representative informed that she had been removed from her Principals' Galaxy.

22. On December 27, 2022 Plaintiff contacted DOE regarding medical case #82834. No information was given. No assistance was provided. Plaintiff has not received any assistance or resolution from the DOE regarding her medical case # 82834.

23. On January 12, 2023, the DOE stated the medical letter submitted on October 12, 2021 for the medical accommodation/exemption application was written differently in comparison to the 2022 medical letter that was submitted on or about August 2022 for the second medical accommodation/exemption application to the vaccine mandate school year 2022-2023.

24. The Plaintiff asked why the DOE did not contact her requesting additional information since the confirmation receipt letter sent by SOLAS for the 2021 medical accommodation/ exemption application clearly stated the DOE would contact her to submit additional documents if needed.

25. However, no contact was made to request additional documents by the DOE.

26. The DOE representative did not respond to the Plaintiff's question. The Plaintiff was told she would be contacted regarding determination to her medical case #82834.

27. The Plaintiff's 2022-2023 medical accommodation/exemption application was approved. The Plaintiff returned to work and received her salary for the 2022-2023 school year.

28. The Plaintiff's 2021-2022 medical accommodation/exemption application was not denied and the Plaintiff did not receive her salary for that school year despite the fact that she was told that it had been approved.

29. On February 13, 2023 Plaintiff was told to return to work.

30. On January 25,2024, Plaintiff contacted DOE regarding her medical case. No information was provided. Plaintiff has not received any assistance or resolution from the DOE regarding her medical case # 82834.

31. On January 30, 2024 Plaintiff was informed that she would not receive any salary for the 2021-2022 period despite the fact that she had been approved for her medical accommodation/exemption.

32. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. Defendant is a state actor who, at all times was acting under the color of state law.

34. The NYCDOE implemented the DOH Vaccine Mandate without any statutory or contractual authority to do so. As a result, Plaintiff, was unable to comply and take a vaccine, was suspended without pay and without due process.

## FIRST CLAIM FOR RELIEF-EQUAL PROTECTION

35. Defendant while acting under the color of law, unlawfully deprived the Plaintiff of her right to Equal Protection of the Laws, guaranteed by the Fourteenth Amendment of the United States Constitution, in that they engaged in selective enforcement of their own laws, rules, regulations, and ordinances against Plaintiff based upon the Plaintiff's medical exemption and Plaintiff's

5

constitutionally protected conduct.

36. In so doing, Defendants intentionally and, with malicious or bad faith intent to injure Plaintiff, selectively treated Plaintiff differently from other similarly situated employees and acted with no rational basis for the difference in treatment by exempting certain classes of individuals such as entertainers, private sector employees and other from the vaccine requirements. Defendants' conduct was intentional, conducted with bad faith, wholly irrational and arbitrary and to the detriment of Plaintiff.

37. As a direct result of Defendant's violation of the Plaintiff's Fourteenth Amendment rights of equal protection, Plaintiff has suffered irreparable harm for which there is no adequate remedy of law.

38. Defendant's violation of Plaintiff's Fourteenth Amendment rights of equal protection under the law, as alleged herein above, Plaintiff has suffered and is entitled to recover compensatory and nominal damages, costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF FOR A VIOLATION OF §1983

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. Defendant is a state actor who, at all times was acting under the color of state law.

41. The NYCDOE implemented the DOH Vaccine Mandate without any statutory or contractual authority to do so. As a result, Plaintiff, was unable to comply and take a vaccine, was suspended without pay and without due process.

42. The NYCDOE paid Arbitrator Martin Sheinman who created the unconstitutional Leave Without Pay that resulted in Plaintiff being without pay and without due process. The Award he issued in September 2021 made the false claim that LWOP, a forced suspension without pay, was "not

disciplinary" but he knew that this was false. A forced suspension without pay is punishment for misconduct. The placementof the Problem Code on Plaintiff's personnel file without giving any reason is proof that Plaintiff had been found guilty of insubordination/misconduct without due process.

43. On November 28, 2021 the Court of Appeals for the Second Circuit declared Scheinman's September 10 2021 Award which created the LWOP, "Constitutionally suspect, and stopped SAMS from any further hearings. (Kane v. NYC DOE Case No. 21-2711)

44. Plaintiff suffered a denial of her federal statutory rights, and constitutional rights and privileges.

45. Education Law Section 3020 , Chapter 16, Title 4, Article 61 states as follows:

> "Discipline of teachers. 1. No person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in section three thousand twenty-a of this article"
>
> and,
>
> "2. No person enjoying the benefits of tenure shall be suspended for a fixed time without pay or dismissed due to a violation of article thirteen-E of the public health law….. (iii) the provisions of subdivisions one and two of this section shall not apply to agreements negotiated pursuant to this subdivision…"

46. Plaintiff did not, at any time, waive her rights to a 3020-a hearing on her medical exemption request.

47. However, Plaintiff was declared insubordinate by the Department, her personnel file was flagged and her fingerprints tagged with a with a "Problem Code" designating misconduct and has created a stigma plus because it impugns her professional and personal reputation and directl impacts her ability to secure employment in New York City.

48. Additionally, a waiver of a teacher's tenure rights must be knowingly and freely given

49. Based on the foregoing, Defendant failed to provide Plaintiff with due process pursuant to the 14th Amendment of the United States Constitution and deprived her of constitutional rights given to her as part of her tenure status.

## PLAINTIFF DEMANDS A TRIAL BY JURY

WHEREFORE, the Plaintiff demands judgement against the Defendant for all compensatory, emotional, psychological and any other damages permitted by law pursuant to the above referenced causes of action. It is respectfully requested that this Court grant Plaintiff any other relief to which she is entitled, including but not limited to:

1. Declaring Plaintiff's due process rights were violated;

2. Awarding Plaintiff all the backpay and financial damages that ensued after she was placed on a lawless and unconstitutional Leave Without Pay;

3. Compensatory damages for past and future economic deprivation;

4. An Award of reasonable Attorney fees and litigation costs;

5. Granting such other and further relief that the Court seems just and proper.

Dated: New York, New York
       November 4, 2024

                                             Respectfully Submitted,

                                             STEWART LEE KARLIN
                                             LAW GROUP, PC

                                             s/*Stewart Lee Karlin*
                                             STEWART LEE KARLIN, ESQ.
                                             *Attorney for Plaintiff*
                                             111 John Street, 22nd Floor
                                             New York, NY 10038
                                             (212) 792-9670