

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **OLUWASEUN M. ADEWARE**<br>Assistant Corporation Counsel<br>Labor and Employment Law Division<br>Telephone: (212) 356-2658<br>Email: sadeware@law.nyc.gov |

June 16, 2025

**By ECF**
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Pandazis v. The Department of Education of the City of New York</u>
        24-cv-07968-OEM-PK

Dear Judge Kuo:

    I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, attorney for the defendant, Department of Education of the City of New York ("DOE," or, "Defendant") in the above-referenced action. Defendant writes to respectfully request that the Court schedule a pre-motion conference to discuss Defendant's anticipated motion to dismiss the Amended Complaint.

    Plaintiff, a DOE employee, alleges that by placing her on leave without pay ("LWOP") due to her failure to comply with the COVID-19 vaccine mandate applicable to employees of the DOE ("Vaccine Mandate"), DOE "deprived [her] of her right to Equal Protection of the Laws, guaranteed by the Fourteenth Amendment to the United States Constitution;" and in allegedly selectively treating her differently from other DOE employees, Defendant acted "with malicious or bad faith to injure Plaintiff. <u>See</u> Amended Complaint ("Amdt. Compl.) ¶¶47–48. Plaintiff also appears to bring a claim of stigma plus. For the reasons set forth below, Defendant respectfully submits that dismissal of the Amended Complaint is warranted in this matter.

  **A. Plaintiff Fails to State a Selective Enforcement or Equal Protection Claim**

    To succeed on a selective enforcement claim, a plaintiff must plead facts that establish (1) she was treated differently from a similarly situated individual; and, (2) that the "treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." <u>See Hu</u>, 927 F.3d 81, 93 (2d Cir. 2019). A plaintiff asserting selective enforcement claims "must identify a similarly situated comparator and […] must show that compared with others similarly situated, he or she was treated differently." <u>See Bar-Levy v. Gerow</u>, 2020 U.S. Dist. LEXIS 28596, *13 (S.D.N.Y. 2020). Here, Plaintiff fails to identify a single comparator or plead a single fact to show that she was treated differently than any other similarly-situated individual who was not placed on LWOP. Instead, Plaintiff alleges that "certain classes of individuals such as entertainers, private sector employees and other [sic]" were treated differently than she was. Amdt. Compl. ¶48. However, Plaintiff is neither an entertainer nor a private sector employee, and has identified

no other purportedly similarly situated individuals who were treated differently than she was. See Picinich v. N.Y.C. Dep't of Educ., No. 16 CV 844 (CBA)(LB), 2018 U.S. Dist. LEXIS 122959 (E.D.N.Y. July 11, 2018) ("Well-pled facts showing that the plaintiff has been treated differently from others similarly situated remains an essential component of such a claim [and] [c]onclusory allegations of selective treatment are insufficient to state an equal protection claim."). Thus, Plaintiff fails to sufficiently plead a selective enforcement claim and her claim must be dismissed accordingly.

### B. Plaintiff Fails to State a Due Process Claim

Plaintiff alleges that "[]DOE implemented the [] Vaccine Mandate without any statutory or contractual authority to do so. As a result, Plaintiff, was unable to comply and take a vaccine, was suspended without pay and without due process." Amdt. Compl. ¶53. Plaintiff also alleges that she was deprived of her "due process pursuant to the 14th Amendment of the United States Constitution and deprived of her constitutional rights given to her as part of her tenure status." Id. ¶65. However, federal and state jurisprudence have repeatedly held that mandatory vaccination falls within a state's police power to protect public health and safety, and does not implicate fundamental rights, including due process rights. See Jacobson v. Massachusetts, 197 U.S. 11, 24-25 (1905); see also Phillips v. City of New York, 775 F.3d 538, 542 (2d Cir. 2015) (holding that New York's requirement that all children be vaccinated in order to attend public school did not violate substantive due process rights because the vaccinations were within the State's police power); C.F. v. N.Y.C. Dep't of Health & Mental Hygiene, 191 A.D.3d 52, 72 (2d Dep't. 2020) (holding that the City of New York's measles vaccine mandate did not violate the due process rights secured by the Fourteenth Amendment).

Further, Courts in this circuit have consistently held that the Vaccine Mandate satisfies the demands of constitutional due process. See, *e.g.*, Broecker v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 55541, *29 (E.D.N.Y. Mar. 30, 2023), aff'd, No. 23-655, 2023 U.S. App. LEXIS 30076 (2d Cir. 2023) (where the district court notably held that DOE "provided sufficient notice and opportunity to Plaintiffs to satisfy procedural due process;"); Vasquez v. City of New York, 2024 U.S. Dist. LEXIS 58731, *29–30 (E.D.N.Y. Mar. 30, 2024). Here, because the Vaccine Mandate in question did not violate Plaintiff's due process rights, and has consistently been upheld as not violative of constitutional due process, Plaintiff's due process claims should be dismissed.

### C. Plaintiff Fails to State a Claim of Stigma Plus

To the extent Plaintiff attempts to plead a stigma plus claim here, she fails to do so. To state a claim of stigma plus, a plaintiff must allege "(1) an injury to one's reputation (the stigma); (2) the deprivation of some 'tangible interest' or property right (the plus) (3) absence of adequate process." See Xu v. City of New York, 2020 WL 8671952, *75-76 (S.D.N.Y. 2020); quoting Segal v. City of New York, 459 F.3d 207, 212 (2d Cir. 2006) (internal quotation marks and citation omitted). To demonstrate *stigma*, a plaintiff must show that "the government made stigmatizing statements about her," which statements either "call into question the plaintiff's good name, reputation, honor, or integrity" or "denigrate the employee's competence as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession." Id. at *76. Second, a plaintiff must show that the "stigmatizing statements were made public." Id. Third, a plaintiff must show that "the stigmatizing statements were made concurrently with, or in close temporal relationship to, the plaintiff's dismissal." See Segal, 459 F.3d at 212-13.

Here, Plaintiff alleges that "Defendant…flagged her personnel file, and tagged her fingerprints with a with a "Problem Code" designating misconduct [] [which] has created a stigma, impugns her professional and personal reputation, and directly impacts her ability to secure

employment in New York City. See Amdt. Compl. ¶63. As set forth above, the Vaccine Mandate did not violate due process; thus Plaintiff's claim fails at the outset. Nevertheless, to the extent that there ever was a problem code on a DOE file, which Defendant denies, any such code would have indicated only that Plaintiff was not vaccinated in accordance with the Mandate, which, as Plaintiff alleges, is entirely true. Id. ¶46. Further, Plaintiff fails to plead any facts demonstrating that any alleged problem code was made public, specifically to the Federal Bureau of Investigation or to the State Division of Criminal Justice. Id. ¶¶20, 23. In fact, Plaintiff relies on nothing other than conclusory allegations and hearsay. Notably, Plaintiff does not allege that her fingerprints were shared with any such outside party, and makes only baseless, conclusory claims that such is the case. And conclusory claims do not suffice, even at the pleading stage. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Furthermore, Courts in this circuit have consistently held that allegations regarding placement on DOE's problem code database, even without a "name-clearing hearing," are insufficient to state a stigma plus claim where no statement about the Plaintiff was published outside of the agency. See Green v. Dept. of Educ., 2019 U.S. Dist. LEXIS 127545 at *33 (S.D.N.Y. 2019) (dismissing Plaintiff's procedural due process claim where plaintiff was flagged with a "no hire code" and placed on the "Problem Code" or "Ineligible Inquiry List"). Here, the Amended Complaint is devoid of any factual allegations that Defendant shared any information regarding Plaintiff outside of DOE. Accordingly, Plaintiff cannot successfully claim that Defendant's records threatened her reputation if they were never made **public**. See Fugelsang v. Dep't of Educ. of N.Y.C., 2025 U.S. Dist. LEXIS 61440, *21-22, (dismissing Plaintiff's Stigma Plus claim because there are no allegations to suggest that Plaintiff's placement in the problem code was made public outside of the DOE). Accordingly, Plaintiff's stigma plus claim must also be dismissed.

**D. Plaintiff's Claims Under State Law Fail**

To the extent that Plaintiff appears to allege violations of New York Education Law §§ 3020 and 3020-a, her claims fail. See Amdt. Compl. ¶¶25, 61, 62. First, Plaintiff failed to file a notice of claim prior to seeking relief in this Court, and thus fails to satisfy a condition precedent to filing such a claim against DOE. See Graham v. N.Y.C. Dep't of Educ., 2025 U.S. Dist. LEXIS 51600, *10 (E.D.N.Y. 2025). To the extent that Plaintiff alleges that the absence of a § 3020 hearing here violates federal due process, this argument has already been squarely rejected by the Second Circuit in Broecker. See Broecker, U.S. App. LEXIS 30076 at *7–8 (where the Court held that any argument that plaintiff's due process rights were violated by being placed on LWOP without a § 3020 hearing "at best challenges the results of the arbitration and the sufficiency under state law of the procedures it established to implement the Vaccine Mandate, which does not by itself state a federal claim"). Finally, even if the alleged lack of a § 3020 hearing could serve as a basis for a § 1983 claim, New York State courts have already determined that DOE employees who failed to comply with the Vaccine Mandate could be placed on LWOP without receiving such a hearing. See O'Reilly v. Bd. of Educ., 42 N.Y.3d 986, 990 (2024).

For the foregoing reasons, Defendant respectfully requests that the Court hold a pre-motion conference. Thank you for your consideration of this request.

Respectfully submitted,

By:   /s/ *Seun Adeware*
Oluwaseun M. Adeware
Assistant Corporation Counsel

cc: All Counsel of Record (via ECF)